IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| XIOAMING HU, XIAOYING ZHU, CHENG WANG, BING MEI, JERRY LEWIN, HENRY YU, and LIMING CHEN, | § § § § § | No. 420, 2024 |
| | § | Court Below—Court of Chancery |
| Defendants Below, Appellants, | § § | of the State of Delaware |
| | § | C.A. No. 2019-0112 |
| v. | § | |
| | § | |
| WILLIAM HUGHES, JR. derivatively on behalf of KANDI TECHNOLOGIES GROUP, INC., | § § § § § | |
| Plaintiff Below, Appellee, | § § § | |
| and | § § | |
| KANDI TECHNOLOGIES GROUP, INC., | § § § § | |
| Nominal Defendant Below, Appellee. | § § § | |

Submitted: September 24, 2024
Decided: November 7, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal and the exhibits attached thereto, it appears to the Court that:

(1)     This interlocutory appeal arises from the Court of Chancery's denial of a motion to dismiss.  Following Kandi Technologies Group, Inc.'s ("Kandi DE") disclosure that three years of financial statements had to be restated and a books-and-records demand, plaintiff William Hughes, Jr. filed a derivative action asserting breaches of fiduciary and unjust enrichment against directors and officers who served while Kandi DE struggled with financial reporting and internal controls.  In April 2020, the Court of Chancery denied the defendants' motion to dismiss the complaint.[1]

(2)     By September 2021, Kandi DE was contemplating reincorporation in the British Virgin Islands ("BVI").  In August 2022, Kandi DE entered into a merger and reorganization agreement, subject to the affirmative vote of a majority of the outstanding shares of common stock entitled to vote, with a wholly owned subsidiary that would result in Kandi DE's re-domestication from Delaware to the BVI.  Kandi DE stockholders would no longer hold shares in a Delaware entity but would instead own shares in a BVI entity ("Kandi BVI").  Kandi initially failed to obtain the necessary stockholder approval but issued additional shares of common stock and obtained the necessary stockholder approval in December 2023.  The merger was completed in April 2024.

---

[1] *Hughes v. Hu*, 2020 WL 1987029 (Del. Ch. Apr. 27, 2020).

(3)     In June 2024, the defendants filed another motion to dismiss, arguing that the plaintiff no longer held continuous ownership in Kandi DE and had lost standing to maintain the derivative action.  The plaintiff opposed the motion to dismiss, arguing that the continuous ownership rule did not apply and that he could also assert his claims directly.  On August 28, 2024, the Court of Chancery denied the motion to dismiss.  Relying on its reasoning in *Harris v. Harris*,[2] the court held that the plaintiff could pursue his derivative claims under the reorganization or fraud exceptions to the continuous ownership rule.  Alternatively, the plaintiff could amend his complaint to assert direct claims under the framework set forth in *In re Primedia, Inc. S'holders Litig.*[3]

(4)     The defendants filed a timely application for certification of an interlocutory appeal.  The plaintiff opposed the application.  The Court of Chancery granted the application for certification based on this Court's recent acceptance of an interlocutory appeal in *Maffei v. Palkon*, No. 125, 2024 (Del.), which also involved the re-domestication of a Delaware entity.

---

[2] 2023 WL 115541 (Del. Ch. 2023).

[3] 67 A.3d 455 (Del. Ch. 2013).  *See also Morris v. Spectra Energy Partners (DE) GP, LP*, 246 A.3d 121, 136 (Del. 2021) ("When the court is faced with a post-merger claim challenging the fairness of a merger based on the defendant's failure to secure value for derivative claims, we think that the *Primedia* framework provides a reasonable basis to conduct a pleadings-based analysis to evaluate standing on a motion to dismiss.").

(5)     Applications for interlocutory review are addressed to the sound discretion of this Court.[4]  In determining whether to accept an interlocutory appeal, this Court may consider all relevant factors, including the trial court's decision regarding whether to certify an interlocutory appeal.[5]  We have concluded, in the exercise of our discretion, that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  Although this case involves re-domestication of a Delaware entity like *Maffei*, which is presently pending before this Court, it primarily concerns the application of long-standing exceptions to the continuous ownership rule.  Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[6] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[7]

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] Supr. Ct. R. 42(d)(v).
[5] *Id.*
[6] *Id.* R. 42(b)(ii).
[7] *Id.* R. 42(b)(iiii).